

RECEIVED
MAR 16 2017
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Annelise C. Rice

          Plaintiff(s),

vs.

Brent Roger Rice, individually.
Hennepin County, et al.
Carver County, et al.

          Defendant(s).

Case No. 17cv796 ADM/HB
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
    YES _X_   NO ___

Brent R. Rice; Carole Cole; Nicole Mercil; Bethany Koch; Sarah Kulesa; Jean Peterson; Judith Hoy; Susan Olson; Richard Witucki; Jolene Lukanen; Michael Garelick; Cory D. Gilmer, Michael Borowiak, John Doe I, John Doe II, and John Doe III

## COMPLAINT

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   | | |
   |---|---|
   | Name | Annelise Rice |
   | Street Address | 2838 Fremont Ave S |
   | County, City | Hennepin, Minneapolis |
   | State & Zip Code | Minnesota 55408 |
   | Telephone Number | 952-334-8919 |

SCANNED
MAR 17 2017
U.S. DISTRICT COURT MPLS

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

   Name **Brent Rice**
   Street Address **4051 Pipewood Ln**
   County, City **Hennepin, Excelsior**
   State & Zip Code **Minnesota 55331**

   b. Defendant No. 2

   Name **Carole Cole c/o Carver County Family Court Division**
   Street Address **600 E. 4th St.**
   County, City **Carver, Chaska**
   State & Zip Code **Minnesota 55318**

   c. Defendant No. 3

   Name **Nicole Mercil c/o Carver County Family Court Division**
   Street Address **600 E. 4th St.**
   County, City **Carver, Chaska**
   State & Zip Code **Minnesota 55318**

NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.
Check here if additional sheets of paper are attached: ☒
Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.d., 2.e., etc.)

2.d. Defendant No. 4

    Name                Bethany Koch c/o Carver County Family Court Division

    Street Address     600 East 4th St.

    County, City       Carver, Chaska

    State & Zip Code   Minnesota 55318

e. Defendant No. 5

    Name                Sarah Kulesa c/o Carver County Family Court Division

    Street Address     600 East 4th St.

    County, City       Carver, Chaska

    State & Zip Code   Minnesota 55318

f. Defendant No. 6

    Name                Jean Peterson c/o Hennepin County Family Court Division

    Street Address     110 South 4th St.

    County, City       Hennepin, Minneapolis

    State & Zip Code   Minnesota 55401

g. Defendant No. 7

    Name                Judith Hoy c/o Hennepin County Family Court Division

    Street Address     110 South 4th St.

    County, City       Hennepin, Minneapolis

    State & Zip Code   Minnesota 55401

h. Defendant No. 8

    Name                Susan Olson c/o Hennepin County Family Court Division

|   |   |   |
|---|---|---|
|   | Street Address | 110 South 4th St. |
|   | County, City | Hennepin, Minneapolis |
|   | State & Zip Code | Minnesota 55401 |
| i. | Defendant No. 9 |   |
|   | Name | Richard Witucki c/o Hennepin County Family Court Division |
|   | Street Address | 110 South 4th St. |
|   | County, City | Hennepin, Minneapolis |
|   | State & Zip Code | Minnesota 55401 |
| j. | Defendant No. 10 |   |
|   | Name | Michael Garelick c/o Hennepin County Family Court Division |
|   | Street Address | 110 South 4th St. |
|   | County, City | Hennepin, Minneapolis |
|   | State & Zip Code | Minnesota 55401 |
| k. | Defendant No. 11 |   |
|   | Name | Jolene Lukanen c/o Hennepin County Family Court Division |
|   | Street Address | 110 South 4th St. |
|   | County, City | Hennepin, Minneapolis |
|   | State & Zip Code | Minnesota 55401 |
| l. | Defendant No. 12 |   |
|   | Name | Cory D. Gilmer |
|   | Street Address | 700 Lumber Exchange Building |
|   |   | 10 South 5th St. |
|   | County, City | Hennepin, Minneapolis |

|     |                    |                                                              |
|-----|--------------------|--------------------------------------------------------------|
|     | State & Zip Code   | Minnesota 55402                                              |
| m.  | Defendant No. 13   |                                                              |
|     | Name               | Brenda K. Dehmer c/o Carver County Family Court Division     |
|     | Street Address     | 600 East 4th St.                                             |
|     | County, City       | Carver, Chaska                                               |
|     | State & Zip Code   | Minnesota 55318                                              |
| n.  | Defendant No. 14   |                                                              |
|     | Name               | Michael Borowiak c/o Hennepin County Family Court Division   |
|     | Street Address     | 110 South 4th St.                                            |
|     | County, City       | Hennepin, Minneapolis                                        |
|     | State & Zip Code   | Minnesota 55401                                              |
| o.  | John Doe I, John Doe II, and John Doe III |                                       |

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

   ☒ Federal Question        ☐ Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.

   Under 42 U.S.C. 1983, this is a civil action for deprivation of constitutional rights.

   Plaintiff's fourth and fourteenth amendment rights were violated. (42 U.S.C. Soc. 1983: Title

5

42 The public health and welfare, Chapter 21: Civil rights, civil action for deprivation of rights and 18 U.S.C. Sec. 242; Title 18: Crimes and Criminal Procedures, Part I: Crimes, Chapter 13: Sec. 242: Deprivation of Rights under color of the law)

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

   Plaintiff Name:                    State of Citizenship:

   Defendant No. 1:                   State of Citizenship:

   Defendant No. 2:                   State of Citizenship:

   **Attach additional sheets of paper as necessary and label this information as paragraph 5.**
   **Check here if additional sheets of paper are attached.**

6. What is the basis for venue in the District of Minnesota? (*check all that apply*)

   ☞ Defendant(s) reside in Minnesota   ☞ Facts alleged below primarily occurred in Minnesota

   ☞ Other: explain

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered separately, beginning with number 7. Please write each single set of circumstances in a separately numbered paragraph.

7. In 2004, Plaintiff's parents, Caroline Rice and Defendant Brent Rice, divorced. At the time of the divorce Defendant Brent R. Rice was employed by Piper Jaffray. A trial was conducted by Referee David Piper, nephew of the owner of Piper Jaffray. In December of 2005, an order for protection was issued against Defendant Brent Rice to protect Plaintiff from domestic violence.

The Defendant Brent Rice plead guilty to several Order for Protection violations. In 2005, Hennepin County Family Court requested a custody and parenting time evaluation. The defendants listed conspired and directly contributed to tortious interference with Plaintiff's Mother-Child Relationship. The defendants conspired to deprive Plaintiff's access to the Courts, and intentionally inflicted emotional distress. Defendants took affirmative steps to place Plaintiff in the custody of her abusive father, and to completely impair Plaintiff's ability to find protection in the legal system. Defendants knew that Plaintiff was being abused and were sufficiently willful, wanton, and outrageous to constitute intentional infliction of emotional distress.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached: ☐**
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

8. Tortious Interference with Mother-Child Relationship: Defendants vigorously and continuously tortuously used their positions as Plaintiff's "advocates" to wrongfully interfere with the relationship between Plaintiff and her mother, resulting in her mother's inability to protect Plaintiff and in further harm to Plaintiff.

9. Defendants repeatedly conspired with Defendant Brent R. Rice to deprive Plaintiff of her right to access by the court by intentionally preventing the court from hearing evidence of Defendant Brent Rice's abuse of Annelise and her mother, by engaging in ex parte communications with the court in violation of Plaintiff's due process rights, by coercing and financially harassing Plaintiff's mother into abandoning her legal efforts to protect Annelise through the courts, by knowingly allowing the introduction of false testimony, by allowing into evidence and/or the court's consideration the bogus, disreputable, and pro child-abuser "Parental Alienation

7

Syndrome" theory concocted by the discredited misogynist Richard Gardner, by failing to disclose to the court the unethical and prejudicial relationship between Defendant Brent Rice and Defendants, by prohibiting Annelise Rice (or any older siblings) from testifying on her own behalf in order to obtain protection from the abuse, by falsifying child protective services reports on Plaintiff's abuse, and other acts.

10. A Guardian Ad Litem report written by Defendant Jean Peterson recommended the split custody that the court later adopted on 08/18/05. No testimony was received into the record as to why the children were separated, and no findings were made that justified the separation. Minnesota case law such as, Fish v. Fish 159 N.W. 271 (Minn. 1960), establishes the preference that the children, absent compelling circumstances, should be under one roof. This precedent was clearly ignored. This was much to the detriment of the relationship of the Plaintiff with her siblings. Hennepin County traumatically separated siblings, granting sole legal and physical custody of Kristina and Lauren (Plaintiff's sisters) to Caroline and sole physical custody of Plaintiff Annelise and her brothers, Tommy and Jayson. This report interferes with Plaintiff's constitutional rights to familial relationships with her siblings and mother.

11. Defendant Brent Rice did not voice any concerns over the sixteen-year marriage about Plaintiff's mother's parenting abilities. Plaintiff's mother was the primary caretaker throughout the entire marriage. Upon separation, Defendant Brent Rice intervened in Plaintiff's mother-child relationship by making unfounded allegations of bad mothering and emotional issues. It has been held that the determination of primary parent is to be made at the time of separation Kangas v. Kangas 406 N.W. 2d 628 (Minn. App. 1987). The court has held that when a determination of primary caretaker has been made there must be a strong showing of unfitness to grant custody to

8

the parent who did not serve as primary caretaker during the marriage Tanghe v. Tanghe 400 N.W. 2d 389 (Minn. App. 1987).

12. In 2007, Hennepin County Court Order (DC 292 618) finds that "Father committed domestic violence against Mother." Susan Olson was appointed as Guardian Ad Litem in Hennepin County Court that same year. In 2008, Defendant Susan Olson, Hennepin County Guardian Ad Litem, wrote that she had not met with the Plaintiff or any of the Plaintiff's siblings. She wrote a report stating that the Plaintiff was rebelling against Defendant Brent Rice's care and wanted a change in custody. Defendant Susan Olson disregarded previous court findings of domestic violence and the court Order for Protection that was currently protecting Plaintiff from Defendant Brent Rice. She went to Plaintiff's school and traumatically removed Plaintiff from school and her mother's care without any prior meeting or authorization. Then Susan Lach, mother's attorney, called mother to inform her that the may not speak to the Plaintiff, essentially reversing the OFP without the authority to do so.

13. In 2009, Defendant Sarah Kulesa, of Carver County Social Services, acknowledged Defendant Brent Rice's verbal and physical abuse, via letters sent to each party, but takes no steps to protect Plaintiff from this abuse. Bethany Koch was retained to represent Plaintiff in the Juvenile proceedings.

14. In May of 2008, Hennepin County Order (27-FA-292628) orders Plaintiff Annelise into therapy with Defendant Judith Hoy who suspends Plaintiff's contact with her mother by phone and in person, requiring contact be in a therapeutic setting. Defendant Judith Hoy cites parental alienation as her reason for suspending contact, which is an argument that has been debunked and is not legal or legitimate.

9

15. Defendant Cory D. Gilmer, Attorney at Law, represents Defendant Brent Rice on court proceedings. On 05/08/08 Defendant Cory D. Gilmer personally threatens Plaintiff's mother via email, stating, "I'm really going to enjoy watching you go down." Defendant Cory D. Gilmer also represented Defendant Brent Rice although there was a known conflict of interest.

16. Defendant Brent Rice supplies misleading information to evaluators that tortuously interferes with Plaintiff's Mother-Child Relationship and inflicts emotional distress on Plaintiff. Plaintiff is hospitalized on June 10th, 2008 for Suicidal Ideation due to the stress Defendant Brent Rice and other Defendants have placed on her by interfering with the Mother-Child Relationship. Reports state: "The patient states that she lives with her father but she is scared of him and doesn't feel safe at home." Defendant Brent Rice, with the assistance of Carole Cole, voluntarily places plaintiff in foster care on June 11th, 2008 because of this incident. Carole Cole sees the report, but helps to keep Plaintiff from contacting her mother.

17. Intentional Infliction of Emotional Distress: During Plaintiff's minority, Defendant Brent R. Rice continuously, repeatedly, intentionally, and cruelly inflicted severe emotional distress and medical neglect on Plaintiff Annelise Rice by threatening her, intimidating her, berating her, manipulating her, and improperly admitting her to multiple foster homes and one locked facility to squelch her reports of his abuse and sever her contact with the outside world. Such conduct was intentional, outrageous, and designed to inflict severe emotional distress on Plaintiff.

18. Conspiracy to Deprive Plaintiff of Access to the Courts: During the course of the pendency of child custody and visitation proceedings in the Hennepin and Carver County Court, Defendant Brent R. Rice conspired with the other Defendants to deprive Plaintiff of her right to access to and protection of the court by intentionally and maliciously discrediting Plaintiff and her mother's accurate reports of Defendant Rice's abuse, by preventing Plaintiff from presenting

evidence to the court concerning her father's abuse, by maliciously attempting to deny Plaintiff the benefit of juvenile court child protection proceedings and by denying Plaintiff the benefit of counsel who truly would advocate for the child rather than advocating for the interests of Defendant Rice. Defendants also prevented Plaintiff from testifying on her own behalf before the court.

19. Tortious Interference with Mother-Child Relationship: From approximately 2005-2016, Defendant Brent R. Rice intentionally, maliciously, and tortuously interfered with Plaintiff's relationship with her mother by denying her contact with her mother, battering her as punishment for having contact with her mother, isolating her from her mother, harassing and intimidating her mother in the course of the custody litigation for the purpose of financially and emotionally ruining her mother to ensure that her mother could no longer continue to fight to protect Plaintiff, and blocking access to Plaintiff's and Plaintiff's mother's financial resources to deny them the means to litigate Plaintiff's protection. All of this conduct by Brent R. Rice, who abused Plaintiff's mother during the course of their marriage, was designed to punish Plaintiff's mother for leaving him and was motivated by his misogyny and desire to avoid paying child support and spousal maintenance.

20. Defendant Nicole Mercil interviewed Plaintiff's brothers, Tommy and Jayson, but did not interview Plaintiff. Defendant Mercil falsified reports on the Plaintiff. Defendant Nicole Mercil also interfered with Plaintiff's emergency medical root canal by attempting to force Plaintiff to get the treatment with her abusive father rather than with her mother or foster care personnel (10/01/08). Defendant Mercil also harassed Plaintiff and Plaintiff's mother.

21. On July 11th, 2008, Defendant Carole Cole, Carver County Social Worker, determines Plaintiff's mother, Caroline, had caused "mental injury" of Annelise, and that Child Protective Services were needed. Carole Cole provided no evidence for these claims.

22. Defendants Brenda Dehmer, Carole Cole, and Nicole Mercil placed Plaintiff Annelise back in Defendant Brent Rice's care on August 28th, 2008 after Plaintiff had run away from Defendant Brent Rice's home to be with her grandparents. The Defendants disregarded clear evidence of abuse and mistreatment by Defendant Brent Rice and placed Plaintiff in a harmful situation.

23. In September of 2013, the Minnesota Appellate Court reversed Carver County Court Decision against Plaintiff's mother. According to the Minnesota Law Journal, "'The reversal prejudicial judicial conduct is unusual,' said Hennepin County Judge Kevin Burke. 'The fact that I have been a judge almost 30 years and can remember one other case, it doesn't happen very often,' Burke said."

24. On summary judgment of absolute and qualified immunity to social workers who plaintiff alleges maliciously used perjured testimony and fabricated evidence to secure Plaintiff's removal from her mother, and that this abuse of state power violated her Fourth and Fourteenth Amendment constitutional rights.

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

25. Because of the tortuous conduct set forth above, Plaintiff suffered severe physical pain and suffering, fear, anxiety, depression, loss of civil rights and remedies, severe and permanent

emotional and psychological pain and suffering, despair, loss of years with her mother and siblings and other compensable damages.

26. The tortious conduct of the Defendants was reckless, malicious, wanton, outrageous, and in total disregard for the rights and interests of Plaintiff, and, therefore, the Defendants are liable to Plaintiff for punitive damages to deter Defendants and others like the Defendants from engaging in this same sort of misconduct. The amount of County workers involved helped assure diffusion of responsibility in this case, which is why so many defendants have been listed in this lawsuit. The amount requested must be a sufficient deterrent for counties to stop allowing practices that diffuse accountability and lead to such egregious misconduct.

27. Plaintiff itemizes damages due her from Defendant Brent R. Rice as follows:

A. Intentional Infliction of Emotional Distress: $5,000,000.

B. Conspiracy to Deny Access to the Courts: $5,000,000.

C. Tortious Interference With Mother-Child Relationship: $5,000,000.

28. Plaintiff itemizes damages due her from Defendant Cory D. Gilmer as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

29. Plaintiff itemizes damages due her from Defendant Bethany Koch as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

30. Plaintiff itemizes damages due her from Defendant Sarah Kulesa as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

31. Plaintiff itemizes damages due her from Defendant Jean Peterson as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

32. Plaintiff itemizes damages due her from Defendant Judith Hoy as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

33. Plaintiff itemizes damages due her from Defendant Richard Witucki as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

34. Plaintiff itemizes damages due her from Defendant Michael Garelick as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

35. Plaintiff itemizes damages due her from Defendant Jolene Lukanen as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

36. Plaintiff itemizes damages due her from Defendant Nicole Mercil as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

37. Plaintiff itemizes damages due her from Defendant Carole Cole as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

38. Plaintiff itemizes damages due her from Defendant Susan Olson as follows:

A. Professional Malpractice: $5,000,000.

B. Intentional Infliction of Emotional Distress: $5,000,000.

C. Conspiracy to Deny Access to the Courts: $5,000,000.

D. Tortious Interference With Mother-Child Relationship: $5,000,000.

39. Plaintiff accordingly demands punitive damages: $15,000,000

Date: 3/16/17

Signature of Plaintiff _____

Mailing Address   2838 Fremont Ave S

~~[redacted]~~

Minneapolis  55408

Telephone Number   952-334-8919

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

16