# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Annelise C. Rice,

       Plaintiff,

      v.

Brent Roger Rice; Hennepin County et al.; Carver
County et al.; Carole Cole, Carver County Family
Court Division; Nicole Mercil, Carver County Family
Court Division; Bethany Koch, Carver County Family
Court Division; Sarah Kulesa, Carver County Family
Court Division; Jean Peterson, Hennepin County Family
Court Division; Judith Hoy, Hennepin County Family
Court Division; Susan Olson, Hennepin County Family
Court Division; Richard Witucki, Hennepin County
Family Court Division; Michael Garelick, Hennepin
County Family Court Division; Jolene Lukanen,
Hennepin County Family Court Division; Cory D.
Gilmer; Brenda K. Dehmer, Carver County Family
Court Division; Michael Borowiak, Hennepin County
Family Court Division; John Doe I; John Doe II; and John
Doe III,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 17-796 ADM/HB

_____

Annelise C. Rice, pro se.

David J. Lenhardt, Esq., Gries Lenhardt Michenfelder Allen, P.L.L.P., St. Michael, MN, on
behalf of Defendant Brent Roger Rice.

Beth A. Stack, Assistant Hennepin County Attorney, Hennepin County Attorney's Office,
Minneapolis, MN, on behalf of Defendants Hennepin County et al.; Richard Witucki, Hennepin
County Family Court Division; and Jolene Lukanen, Hennepin County Family Court Division.

James R. Andreen, Esq., Erstad & Riemer, P.A., Minneapolis, MN, on behalf of Defendants
Carver County et al.; Carole Cole, Carver County Family Court Division; Nicole Mercil, Carver
County Family Court Division; and Sarah Kulesa, Carver County Family Court Division.

James T. Martin, Esq., Gislason Martin Varpness & Janes, PA, Edina, MN, on behalf of
Defendants Bethany Koch, Carver County Family Court Division.
Andrew Tweeten, Assistant Minnesota Attorney General, Minnesota Attorney General's Office,

St. Paul, MN, on behalf of Defendants Jean Peterson, Hennepin County Family Court Division; Susan Olson, Hennepin County Family Court Division; and Brenda K. Dehmer, Carver County Family Court Division.

R. Daniel Rasmus, Esq., Hovland and Rasmus, PLLC, Edina, MN, on behalf of Defendant Judith Hoy, Hennepin County Family Court Division.

Bryan R. Feldhaus, Esq., and Phillip A. Cole, Esq., Lommen Abdo, PA, Minneapolis, MN, on behalf of Defendant Cory D. Gilmer.

Meaghan C. Bryan, Esq., Cousineau, Van Bergen, McNee & Malone, PA, Minnetonka, MN, on behalf of Defendant Michael Borowiak, Hennepin County Family Court Division.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on eight Motions to Dismiss [Docket Nos. 13, 17, 38, 45, 57, 102, 110, 124] and one Motion to Dismiss / Motion for Summary Judgment [Docket No. 94] brought on behalf of all Defendants in this case. Also before the Court is Plaintiff Annelise C. Rice's ("Annelise[1]") Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 54] ("IFP Application"). For the reasons set forth below, the Defendants' Motions are granted and Rice's IFP Application is denied as moot.

## II. BACKGROUND

This 42 U.S.C. § 1983 action arose from the aftermath of the protracted and contentious 2004 marriage dissolution of Defendant Brent Roger Rice ("Brent") and his ex-wife, Caroline Rice ("Caroline").[2] Annelise, the youngest of Brent and Caroline's five children, alleges that custody and parenting time decisions made during the dissolution proceeding violated her

---

[1] For individuals that share Rice as a last name, first names will be used.

[2] Caroline is not a Defendant in this case.

constitutionally protected familial rights.

**A. The Marriage Dissolution**

Annelise's parents began divorce proceedings in 2004 in Hennepin County, Minnesota. Compl. [Docket No. 1] at 6; Rice v. Rice, 27-FA-292618 (Fourth Judicial District 2004). The district court dissolved Brent and Caroline's marriage on December 28, 2004, but reserved several issues, including custody of the five minor children, for trial on December 6 and 7, 2005. Rice v. Rice, A06–1648 (Minn. Ct. App. 2008); Stack Decl. [Docket No. 21] at 3–13. Annelise was seven years old when the marriage was dissolved.

On January 4, 2005, Hennepin County Family Court Referee David Piper ("Referee Piper") ordered the Department of Court Services to perform a custody and parenting time evaluation. Stack Decl. Ex. 1 [Docket No. 22]. Pursuant to that order, in April 2005, Defendant Jean Peterson ("Peterson"), was appointed as Guardian ad Litem for the minor children. Stack Decl. Ex. 2 [Docket No. 24] at 4.

On August 10, 2005, Hennepin County Family Court Evaluators Jolene Lukanen ("Lukanen") and Richard Witucki ("Witucki") submitted their parenting time evaluation. Id. The evaluation—derived from meetings with Brent, Caroline, each of the five children, and a lengthy list of collateral contacts including teachers, doctors, and faith leaders—offered 13 custody and parenting time recommendations. Id. The evaluation was received into evidence during the December 2005 custody trial.

After trial, in a March 2006 order, Referee Piper awarded Brent sole physical custody of Annelise and two of her siblings, and ordered Brent and Caroline to share legal custody of these three children. Stack Decl. Ex. 3 [Docket No. 26] ("Referee Piper Order") at 19. Caroline was

awarded sole legal and physical custody of the two other children.  Id.

Caroline appealed, arguing that Referee Piper abused his discretion in awarding Brent sole physical custody over three of the children, including Annelise.  Rice, A06–1648, at 1–2.  Caroline contended that it was clearly erroneous not to award her physical custody of all five of the children when "she was clearly the primary parent and caregiver" and that it was "clearly erroneous to split the children without considering their interrelationships with one another."  Id. at 2–3.  A unanimous Minnesota Court of Appeals disagreed and affirmed Referee Piper's Order in its entirety.  Id. at 2.

## B.  Other Proceedings

The Complaint[3] also refers to events that occurred after the dissolution proceeding, including a juvenile protection proceeding and a criminal proceeding that commenced in October 2008 and June 2009, respectively.  Compl. ¶¶ 12–17; In re Welfare of Children of Caroline Rice & Brent Rice, No. 10–JV–08–645 (Minn. Dist. Ct.) ; State v. Rice, No. A12–0855, 2013 WL 4404231, at *1 (Minn. Ct. App. Aug. 13, 2013).  A January 16, 2008 family court order references an order for protection ("OFP"), which was later dismissed, that Caroline served against Brent on behalf of Annelise.  Bryan Aff. [Docket No. 46] Ex. 1.  At that time, Defendant Susan Olson ("Olson") was appointed Guardian ad Litem to Annelise.  Id.

On April 7, 2008, Hennepin Family Court Referee Tsippi Wray ("Referee Wray") held a hearing to address Olson's recommendation that Caroline's contact with Annelise be suspended because Caroline's behavior "continued to not be in the best interests of the minor children,

_____

[3] Shortly after filing the Complaint, Annelise filed a First and Second Addendum to her Lawsuit [Docket Nos. 14, 15].  The Complaint and the two Addendums will be collectively referred to as the "Complaint."

specifically Annelise." Bryan Aff. Ex. 2 at ¶ 2. Referee Wray directed that Caroline's contact with Annelise would be suspended outside of therapeutic sessions. <u>Id.</u> ¶ 3. Shortly thereafter, Olson informed Referee Wray that Caroline "has ignored the oral order of this court and has continued to see Annelise." <u>Id.</u> ¶ 4. In a May 9, 2008 Order, Referee Wray stated that Caroline was "in flagrant violation of the oral order of the court" and reaffirmed that Caroline's contact with Annelise was limited to therapeutic sessions. <u>Id.</u> ¶¶ 8, 13.

In October 2008, a Child in Need of Protection or Services petition alleged that Annelise was in need of protection or services. Andreen Aff. Ex. 1 [Docket No. 115]. The petition was litigated in Carver County, Minnesota district court, and on November 20, 2008, Carver County District Court Judge Janet L. Barke Cain ordered Annelise to be placed in the custody of Carver County Community Social Services ("CCCSS"). <u>Id.</u> ¶ 17. Sometime later, Brent was restored custody of Annelise with protective supervision by CCCSS. Andreen Aff. Ex. 2 [Docket No. 116] ¶ 17. Additional orders issued in Carver County held that it was in the best interest and safety of Annelise to remain in the custody of her father, Brent. <u>See, e.g.</u>, Andreen Aff. Ex. 5 [Docket No. 119] ¶ 6.

On October 31, 2010, Annelise, then aged 12, ran away from home. <u>State v. Rice</u>, 2013 WL 4404231, at *1. On November 24, 2010, Caroline, after being apprehended while trying to re-enter the United States from Canada, admitted that Annelise and another one of her children were waiting for her in Michigan. <u>Id.</u> In an interview with Carver County detectives, Annelise stated that "she had been hidden by a variety of people over the past 30 days, had met up with [Caroline] in Canada, but had only spent one day with her when [Caroline] was arrested." <u>Id.</u> Caroline was charged with two counts of child deprivation, and one count of causing or

contributing to a child being a runaway.  Id.  Caroline proceeded to trial *pro se*, and was found

guilty by a jury of all three counts.  Id. at *3.  Later, the Court of Appeals vacated Caroline's

conviction based upon evidence of Brent's abuse that was excluded, use of an erroneous jury

instruction, and improper judicial intervention related to maintaining control of the trial.  Id. at

*4–10.  The case was not retried.

## C.  This Lawsuit

The Complaint seeks to have the federal courts review the custody and parenting

decisions made by Referees Piper and Wray.  The Complaint also recites events of familial

discord that occurred in 2009 and beyond.  Generally, Annelise alleges that many Defendants

"conspired and directly contributed to tortious interference with [Annelise's] Mother-Child

Relationship."  Compl. ¶ 7.  Annelise also broadly alleges that Defendants all conspired to

deprive her "access to the Courts, and intentionally inflicted emotional distress."  Id.  Finally,

Annelise alleges that "Defendants took affirmative steps to place Plaintiff in the custody of her

abusive father, and to completely impair Plaintiff's ability to find protection in the legal system.

Defendants knew that Plaintiff was being abused and were sufficiently willful, wanton, and

outrageous to constitute intentional infliction of emotional distress."  Id.

Annelise specifically alleges that each Defendant in some way aided the violation of her

constitutional rights.  For example, Brent is alleged to have engaged in ex parte communications

with the court and to have financially harassed Caroline; Peterson's Guardian ad Litem report

recommending that Brent and Caroline share custody of the five children is alleged to have

interfered with Annelise's constitutional right to familial relationships with her siblings and

mother; and Defendants Brenda Dehmer ("Dehmer"), Carole Cole ("Cole"), and Nicole Mercil

("Mercil")—a Guardian ad Litem and two social workers for Carver County, Minnesota, respectively— are alleged to have placed Annelise back in Brent's care despite "clear evidence of abuse and mistreatment" by Brent.  Id. at ¶¶ 9, 10, 21.  Annelise seeks damages in excess of $200 million.  Id. ¶¶ 38–39.

Each Defendant seeks to dismiss the Complaint in its entirety.

## III.  DISCUSSION

### A.  Standard of Review

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B.  Statute of Limitations

The Defendants argue that Annelise's claims are time-barred.  The statute of limitations for a § 1983 action is the same as that for personal injury torts in the state in which the action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  "In Minnesota intentional personal injury

torts such as assault, battery, or intentional infliction of emotional distress are governed by a two year statute of limitations period, see Minn. Stat. § 541.07(1), while a six year limitations period applies to torts of negligence such as negligent hiring and retention. See Minn. Stat. § 541.05, subd. 1(5)." Strandlund v. Hawley, 532 F.3d 741, 746 (8th Cir. 2008).[4]

With the exception of Brent's alleged action, the acts that form Annelise's Complaint last occurred in 2009. Thus, the time to bring claims for intentional torts expired in 2011, and the time for bringing negligence claims and claims arising under § 1983 expired not later than 2015. However, Annelise was not yet 18-years old by the time the six-year limitations period ended. "Under the minority tolling statute, Minn. Stat. § 541.15(a)(1), when a negligence action accrues during a plaintiff's infancy, the plaintiff must commence the action either within one year of reaching the age of maturity or within the six-year period of limitation, whichever is later." D.M.S. v. Barber, 645 N.W.2d 383, 387 (Minn. 2002). Because Annelise's 18th birthday was May 4, 2015, these claims remained actionable until May 4, 2016. Because the Complaint was filed on March 17, 2017, the claims against all Defendants except Brent are time-barred.[5]

---

[4] Whether the two-year or six-year limitations period applies to § 1983 actions is uncertain. See Hester v. Redwood Cty., 885 F. Supp. 2d 934, 944 (D. Minn. 2012) ("Whether Minnesota's two-year statute of limitations for intentional torts or general six-year statute of limitations applies to § 1983 claims has been the source of inconsistent rulings."). Such uncertainty is immaterial here because the claims are time barred even if the six-year period applies. The Court will assume for this Order that the six-year statute of limitations applies.

[5] Annelise references the Child Victims Act, Minn. Stat. § 541.073, which amended the statute of limitations applicable to actions for damages arising from sexual abuse. This statute is inapplicable here because there is no allegation that Annelise was sexually abused.

**C. Claims Against Brent Rice Fail Because he is a Private Actor**

Annelise alleges that between 2005 and 2016, Brent tortiously interfered with Annelise's relationship with her mother, Caroline. Annelise appears to argue that Brent conspired with the other Defendants to interfere with Annelise's constitutionally protected liberty interest in familial care and companionship. See K.D. v. Cty. of Crow Wing, 434 F.3d 1051, 1055 (8th Cir. 2006). For this claim to be viable against Brent, he must be a state actor for § 1983 purposes. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 152 (1970) (noting that private parties can be held liable under § 1983 only if the individual wilfully participates in joint activity with the State or its agents).

In Youngblood v. Hy-Vee Food Stores, Inc., the Eighth Circuit affirmed dismissal of a § 1983 claim against a private individual on the ground that "a private party's mere invocation of state legal procedures does not constitute state action." 266 F.3d 851, 855 (8th Cir. 2001). Here, Annelise does not sufficiently allege that Brent was wilfully participating in joint activity with the State or its agents. To the extent that Brent is alleged to have conspired with the Hennepin or Carver County court systems and court-appointed professionals to deprive Annelise of her protected familial interest, as Youngblood held, merely invoking state legal procedures is insufficient state action for a private party to be liable under § 1983.

**D. Other Grounds for Dismissal**

Even if Annelise's Complaint was timely, which it is not, it must be dismissed on the following additional bases.

**1. The Individual State Defendants are Entitled to Immunity**

During the relevant time, social workers Carole Cole, Nicole Mercil, and Sarah Kulesa

(the "Social Worker Defendants") worked for CCCSS and preformed work related to a child protection investigation in 2008. See Andreen Aff. Ex. 4 [Docket No. 118]. Bethany Koch ("Koch") served as Caroline's court-appointed attorney in the 2008 child protection proceeding. Koch Aff. [Docket No. 97] ¶ 2. Jean Peterson, Susan Olson, and Brenda K. Dehmer (the "GAL Defendants") were appointed Guardian ad Litems. Tweeten Aff. [Docket No. 32] Exs. 3, 4; Second Tweeten Aff. [Docket No. 106] Ex. 1. Judith Hoy ("Hoy") is a clinical social worker who performed reunification therapy with Annelise pursuant to court order. Hoy Decl. [Docket No. 127] ¶¶ 1, 2. Jolene Lukanen and Richard Witucki, were appointed custody evaluators by Referee Piper, and Michael Garelick was appointed by Referee Piper to be a custody evaluator and mediator.[6] Stack Decl. Ex. 2. Jolene Lukanen, Richard Witucki, and Michael Garelick will collectively be referred henceforth as the "Evaluator Defendants." Michael Borowich ("Borowich") performed therapy services as directed by the family court. Bryan Aff. Ex. 2; Second Addendum at 2. The Social Worker Defendant, Koch, the GAL Defendants, Hoy, the Evaluator Defendants, and Borowich will collectively be referred henceforth as the "Individual State Defendants." The Individual State Defendants argue that they are immune from suit.

"It is well settled that officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." Dornheim v. Sholes, 430 F.3d 919, 925 (8th Cir. 2005) (quoting Briscoe v. LaHue, 460 U.S. 325, 335 (1983)). This grant of immunity has been extended to each position held by the Individual State

_____

[6] Michael Garelick's ("Garelick") status in this lawsuit is uncertain. Because the allegations against Garelick do not differ in substance from the other Evaluator Defendants, the claims against him will be considered here.

Defendants.

In Myers v. Morris, the Eighth Circuit determined that "the guardians, therapists, and the [court appointed] attorney have absolute immunity for any damage claims based on the function of testifying before the family court. We think the immunity extends beyond oral testimony to providing their reports and recommendations to the family court." 810 F.2d 1437, 1466 (8th Cir. 1987), cert. denied, 484 U.S. 828 (1987), abrogated on other grounds by Burns v. Reed, 500 U.S. 478 (1991) (citation omitted). In Myers, the Eighth Circuit noted that the individuals "were appointed to fulfill quasi-judicial responsibilities under court direction" and that the court "exercised its statutory authority to seek the assistance of experts" to aid making child custody and placement decisions. Id. at 1467. The Eighth Circuit has consistently held that absolute immunity may shield individuals appointed by the court to fulfill quasi-judicial responsibilities. See, e.g., McCuen v. Polk Cty., Iowa, 893 F.2d 172, 174 (8th Cir. 1990) (holding that a Guardian ad Litem's absolute immunity extends to her duties of preparing reports and making recommendations to family court); Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 744 (8th Cir. 1998) (holding that a court-appointed psychiatrist "enjoyed absolute immunity for the testimony and reports . . . submitted to the court").

The question of whether immunity applies turns on the specific conduct at issue, and whether the individuals were performing duties that were quasi-judicial in nature. Robinson v. Freeze, 15 F.3d 107, 109 (8th Cir. 1994). Although Annelise alleges that the Individual State Defendants conspired with others to deprive her of her constitutional rights, she does not allege that the conspiracy was committed through acts that were outside the scope of their judicially ordered functions. Annelise also does not cite specific evidence that was allegedly falsified or

11

recommendations that were allegedly corrupted by fabrication. Thus, this case is distinguishable from the authority on which she relies. See Hardwick v. Cty. of Orange, 844 F.3d 1112, 1115–16 (9th Cir. 2017) (holding that absolute immunity was unavailable to social workers that "fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury"). Rather, the Complaint reflects Annelise's rejection of the recommendations the Individual State Defendants made in state court, alleging generalities such as "Defendants took affirmative steps to place Plaintiff in the custody of her abusive father, and to completely impair Plaintiff's ability to find protection in the legal system." Compl. ¶ 7. Since the Complaint lacks facts to support the conclusory allegations that the Individual State Defendants were "acting outside the scope of his or her role within the judicial process," the Individual State Defendants are immune from suit. Dornheim, 430 F.3d at 925.

### 2. The County Defendants

Annelise's claims against Hennepin and Carver Counties (collectively, the "County Defendants") fail because the Complaint does not allege that a policy, custom, or practice of the municipality caused the injury. To state a plausible § 1983 action against a municipality, the suit must "allege facts which would support the existence of an unconstitutional policy or custom." Doe v. Sch. Dist. of City of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003). Because Annelise does not identify a policy, custom, or practice that caused her alleged constitutional harms, the claims against the County Defendants fail.

### 3. Attorney Gilmer

Annelise's claims against Cory D. Gilmer ("Gilmer")—Brent's attorney in the dissolution proceeding—fail because he is immune from suit for acts that were taken within the

scope of his employment. See McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970) ("[A]n attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship."). Annelise conclusively alleges that Gilmer knowingly participated with Brent in perpetuating a fraudulent or unlawful act, which would negate Gilmer's immunity from suit.[7] See id. (noting that immunity may not be invoked if attorney "knowingly participates with his client in the perpetration of a fraudulent or unlawful act"). This is a mere legal conclusion that cannot defeat a motion to dismiss. Iqbal, 556 U.S. at 678.

## IV. CONCLUSION

Annelise's Complaint suffers from many defects that require dismissal.[8] Since this case is being dismissed, Annelise's IFP Application is denied as moot.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Susan Olson and Jean Peterson's Motion to Dismiss [Docket No. 13] is **GRANTED**;

2. Defendants Hennepin County, Jolene Lukanen, and Richard Witucki's Motion to Dismiss [Docket No. 17] is **GRANTED**;

3. Defendant Brent Roger Rice's Motion to Dismiss [Docket No. 38] is **GRANTED**;

4. Defendant Michael Borowiak's Motion to Dismiss [Docket No. 45] is **GRANTED**;

---

[7] Annelise alleges that Gilmer had a conflict of interest because he attended the same high school with Caroline and "asked her on dates multiple times." Mem. Opp'n [Docket No. 72] ¶ 7. This does not rise to a fraudulent or unlawful act.

[8] Although this case is being dismissed for legal reasons, the turmoil and sadness to Annelise's life caused by her parents' marital strain and conflict is clearly worthy of sympathy.

5.  Defendant Cory D. Gilmer's Motion to Dismiss [Docket No. 57] is **GRANTED**;

6.  Defendant Bethany Koch's Motion to Dismiss / Motion for Summary Judgment [Docket No. 94] is **GRANTED**;

7.  Defendant Brenda K. Dehmer's Motion to Dismiss [Docket No. 102] is **GRANTED**;

8.  Defendants Carver County, Carole Cole, Sarah Kulesa, and Nicole Mercil's Motion to Dismiss [Docket No. 110] is **GRANTED**;

9.  Defendant Judith Hoy's Motion to Dismiss [Docket No. 124] is **GRANTED**;

10.  Defendant Michael Garelick is **DISMISSED**; and

11.  Plaintiff Annelise C. Rice's Application to Proceed in District Court without Prepaying Fees of Costs [Docket No. 54] is **DENIED** as moot.

12.  The Complaint [Docket No. 1] and Addendums [Docket Nos. 14, 15] are **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 19, 2017.